IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WELLS FARGO BANK, N.A.**                                                            **PLAINTIFF**

v.                                              **Civil Action No. 1:12-cv-213-HSO-RHW**

**PLANETTA CUSTOM HOMES, LLC,**
**VICTOR M. PLANETTA, and**
**EILEEN PLANETTA**                                                  **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND SETTING ASIDE CLERK'S ENTRY OF DEFAULT**

BEFORE THE COURT is Plaintiff Wells Fargo Bank, N.A.'s Motion [11] for Default Judgment against Defendants Planetta Custom Homes, LLC, Victor M. Planetta, and Eileen Planetta. After due consideration of Plaintiff's Motion, the record, and the relevant law, the Court is of the opinion that Plaintiff's Motion [11] for Default Judgment should be denied, and that the Clerk's Entry of Default [9] should be set aside.

I. BACKGROUND

On July 5, 2012, Plaintiff Wells Fargo, Bank, N.A. successor by merger to Wachovia Bank, N.A.,[1] filed its Complaint [1] against Defendants Planetta Custom Homes, LLC, Victor M. Planetta, and Eileen Planetta, alleging that they are indebted to it by virtue of Planetta Homes, LLC's default on a promissory note. Plaintiff requests judgment in its favor against Defendants "in the amount of $2,836,325.22, plus pre-judgment interest accruing from June 5, 2012, to the date of judgment at the contract rate, post-judgment interest, plus attorneys' fees and costs, and for such other, further, and different relief as this Court deems just and proper

---

[1] Aff. of Harrison Adams [11-1], Ex. 1 to Pl.'s Mot. for Default J. [11] at p. 3.

under the circumstances." Pl.'s Compl. [1] at p. 6.

On August 2, 2012, Plaintiff filed Proofs of Service [5][6][7], indicating that it had served Defendants by certified mail. Attached to the Proofs of Service are return receipts reflecting that "M. Owens" accepted delivery on behalf of all three Defendants on July 24, 2012, at an address in Pass Christian, Mississippi. On September 4, 2012, Plaintiff applied [8] for a Clerk's entry of default against Defendants, and a Clerk's Entry of Default [9] was entered on September 5, 2012. Plaintiff has now moved for a Default Judgment against Defendants, jointly and severally.

## II. DISCUSSION

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (internal citations omitted). A defendant must be properly served pursuant to Federal Rule of Civil Procedure 4 in order to be held accountable for failing to plead or otherwise defend. *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 940 (5th Cir. 1999). Absent proper service of process, a district court lacks jurisdiction over a defendant. *Id.* A default judgment granted under such circumstances is void. *Id.*

The record contains insufficient proof that Plaintiff has effected proper service of process upon Defendants. The Federal Rules of Civil Procedure provide that

individuals and limited liability corporations, such as Defendants here, may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) and (h)(1)(A). Mississippi Rule of Civil Procedure 4(c)(5) provides that a plaintiff may use certified mail, return receipt requested, to serve "a person outside this state." The Comments to Mississippi Rule of Civil Procedure 4 explain that "[t]he certified mail procedure is not available to serve a person within the state." "Rule 4(d) which is entitled 'Summons and Complaint: Person to be served,' specifically identifies the 'person' the plaintiff must serve with process based on the type of defendant involved in the case." *Rogers,* 167 F.3d at 941.

> [s]ervice . . . shall be made . . . [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Miss. R. Civ. P. 4(d)(4). Because Plaintiff attempted to serve "persons" within the State, the certified mail method of service described in Rule 4(c)(5) was not effective as to them, and the Court lacks jurisdiction over Defendants.

Even if this method of service was permissible here, at a minimum, service upon the individual Defendants would still not be effective. Mississippi Rule of Civil Procedure 4(c)(5) provides that "[w]here the defendant is a natural person, the envelope containing the summons and complaint *shall be marked 'restricted*

*delivery."* Miss. R. Civ. P. 4(c)(5)(emphasis added). The individually named defendant must sign for the certified letter addressed to him or her. Here, the certified letters addressed to Victor M. Planetta and Eileen Planetta were not mailed "restricted delivery" and were not signed by them. "M. Owens" signed the return receipts. As such, Plaintiff's attempted service upon the individual Defendants was insufficient. Moreover, it is not apparent from the record that "M. Owens" is authorized as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Planetta Custom Homes, LLC. Miss. R. Civ. P. 4(d)(4); *see Rogers,* 167 F.3d at 941. It is therefore not evident that Plaintiff's attempted service upon Planetta Custom Homes, LLC, was sufficient. For these reasons, Plaintiff's Motion [11] for Default Judgment must be denied, and the Clerk's Entry of Default [9] should be set aside for "good cause." Fed. R. Civ. P. 55(c); *see Lacy v. Sitel Corp.,* 227 F.3d 290, 291-92 (5th Cir. 2000).

     Federal Rule of Civil Procedure 4(m) provides: "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court, in its discretion, will allow Plaintiff forty-five (45) days from the date of this Order to perfect proper service of process on Defendants and to file into the record notice of said service.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Wells Fargo Bank, N.A.'s Motion [11] for Default Judgment, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk's Entry of Default [9] is **SET ASIDE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Wells Fargo Bank, N.A., is granted forty-five (45) days from the date of this Order to perfect service on Defendants Planetta Custom Homes, LLC, Victor M. Planetta, and Eileen Planetta, in accordance with Federal Rule of Civil Procedure 4, and to file into the record notice of said service.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE