IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WELLS FARGO BANK, N.A.                                   PLAINTIFF

v.                                    Civil Action No. 1:12-cv-213-HSO-RHW

PLANETTA CUSTOM HOMES, LLC,
VICTOR M. PLANETTA, and
EILEEN PLANETTA                                          DEFENDANTS

## ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

BEFORE THE COURT is Plaintiff Wells Fargo Bank, N.A.'s Second Motion

[22] for Default Judgment against Defendants Planetta Custom Homes, LLC, Victor

M. Planetta, and Eileen Planetta.  Defendants have not responded to the Motion;

however, Victor and Eileen Planetta filed a joint Answer [24] to Wells Fargo's

Complaint [1] after the Motion was filed.  After due consideration of Plaintiff's

Motion, the record, and relevant law, the Court is of the opinion that Wells Fargo's

Second Motion [22] for Default Judgment should be denied as to all Defendants.

## I.  BACKGROUND

On July 5, 2012, Plaintiff Wells Fargo, successor by merger to Wachovia

Bank, N.A.,[1] filed its Complaint [1] against Defendants Planetta Custom Homes,

Victor M. Planetta, and Eileen Planetta, alleging that they are indebted to it by

virtue of the default of Planetta Custom Homes on a promissory note.  Wells Fargo

requests default judgment in its favor against all Defendants, jointly and severally,

for an amount in excess of three million dollars.  Pl.'s Sec. Mot. for Default J. [22] at

_____

[1] Aff. of Harrison Adams [11-1], Ex. 1 to Pl.'s First Mot. for Default J. [11] at
p. 3.

p. 6.

On January 22, 2013, the Court denied Wells Fargo's First Motion [11] for Default Judgment because its service upon Defendants was not effective. Order [12]. Wells Fargo was granted forty-five days to perfect service upon Defendants and did so on February 10, 2013. Proofs of Service [16][17][18]. On March 7, 2013, Victor and Eileen Planetta, proceeding *pro se,* requested an extension of time of twenty days for Defendants to answer the Complaint. Motion [20]. United States Magistrate Judge Robert H. Walker granted the Motion as to Victor and Eileen Planetta but denied the Motion as to Planetta Custom Homes, finding that this corporate Defendant must be represented by a licensed attorney in order to appear. Defendants did not answer Wells Fargo's Complaint by the extended deadline, and on May 15, 2013, Wells Fargo filed a Second Motion [22] for Default Judgment as to all Defendants. On May 23, 2013, Victor and Eileen Planetta filed a joint Answer [24] to Wells Fargo's Complaint.

## II.  DISCUSSION

Wells Fargo seeks default judgment against all Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are available only when the adversary process has been

halted because of an essentially unresponsive party." *Id.* (internal citations omitted).

While Victor and Eileen Planetta's Answer [24] to Wells Fargo's Complaint was untimely, the Planettas cannot be categorized as wholly unresponsive parties in this action. Because default judgments are disfavored, they "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)(citing *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)). The Court "has the discretion to decline to enter a default judgment," *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), and under the circumstances here, finds that Wells Fargo's Second Motion [22] for Default Judgment as to Victor and Eileen Planetta should be denied.

Planetta Custom Homes has not filed an Answer in this action; however, Wells Fargo seeks to impose joint and several liability on all Defendants. Pl.'s Compl. [1]; Pl.'s Sec. Mot. for Default J. [22]. Judgment by default against Planetta Custom Homes is therefore not appropriate according to the United States Supreme Court's decision in *Frow v. De La Vega*:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all defendants alike – the defaulter as well

as the others.  If it be decided in the complainant's favor, he
will then be entitled to a final decree against all.

82 U.S. 552, 554 (1872).[2]

Based on the foregoing and in order to avoid the possibility of inconsistent
judgments among the similarly situated Defendants, Wells Fargo's Second Motion
[22] for Default Judgment should be denied as to all Defendants.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Wells
Fargo Bank, N.A.'s Second Motion [22] for Default Judgment, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk's Entry of
Default [23] is **SET ASIDE** as to Victor M. Planetta and Eileen Planetta only.

**SO ORDERED AND ADJUDGED**, this the 30th day of September, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001)(recognizing that when "a
defending party establishes that plaintiff has no cause of action . . . this defense generally
inures to the benefit of a defaulting defendant"); *Gulf Coast Fans, Inc. v. Midwest Elec.
Imps., Inc.,* 740 F.2d 1499, 1512 (5th Cir. 1984)("[w]hen defendants are similarly situated,
but not jointly liable, judgment should not be entered against a defaulting defendant if the
other defendant prevails on the merits."); *Pugh v. Stribling,* Civil Action No. 1:10-cv-113-
HSO-JMR (S.D. Miss. Oct. 7, 2010)(finding default judgment premature where plaintiff
sought judgment against multiple defendants jointly and severally); *see* 10A The Late
Charles Alan Write *et al.*, Federal Practice and Procedure § 2690 (3d ed. 1998)(collecting
cases)("As a general rule [], when one of several defendants who is alleged to be jointly and
severally liable defaults, judgment should not be entered against that defendant until the
matter has been adjudicated with regard to all defendants, or all defendants have
defaulted.").